# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
May 18, 2010

Lyle W. Cayce
Clerk

No. 09-20742
Summary Calendar

LADAVID B. TAYLOR,

Plaintiff-Appellant

v.

RICHARD A. GUNNELS, Assistant Warden; MARKETE MILLER, Sergeant; THOMAS L. HUTT, Captain; LINCOLN E. CLARK, Disciplinary Captain; DONALD E. MUNIZ, Major; LAWRENCE DAWSON, JR., Captain; KRISTEN L. GIBSON, Case Manager II; TRACY D. PUCKETT, Sergeant; NATHANIEL QUARTERMAN, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CV-3068

Before REAVLEY, JOLLY, and OWEN, Circuit Judges.

PER CURIAM:[*]

LaDavid B. Taylor, Texas prisoner # 938697, appeals the district court's dismissal of his 42 U.S.C. § 1983 action, which challenged a prison disciplinary proceeding in which he lost good-time credits, for failure to state a claim.  Taylor

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred by holding that his claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). He contends that *Heck* does not bar challenges to prison disciplinary proceedings.

We review the dismissal of a complaint pursuant to 28 U.S.C. § 1915A de novo. *See Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). Under *Heck*, 512 U.S. at 486-87, when a state prisoner whose conviction or sentence has not been declared invalid seeks damages in a § 1983 suit and a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, the suit must be dismissed. For purposes of *Heck*, the term "conviction" includes prison disciplinary decisions that result in the loss of good-time credits. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (en banc).

Here, Taylor asserted that his constitutional rights had been violated because the disciplinary rule that he was found guilty of violating was unconstitutionally vague and there was no evidence to support the charge. He sought monetary damages and to have the allegedly false disciplinary report expunged from his record. If Taylor's claims are credited, they necessarily imply that the finding of guilt and the punishment for the violation were invalid. Because he has not shown that the disciplinary decision has been overturned, he cannot maintain a § 1983 action for damages or the expungement of the disciplinary report from his record. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 486-87; *Clarke*, 154 F.3d at 189. Accordingly, the district court did not err in dismissing Taylor's complaint for failure to state a claim.

Taylor's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is dismissed. *See* 5TH CIR. R. 42.2. The dismissal of this appeal as frivolous counts as a strike under § 1915(g), as does the district court's dismissal of Taylor's complaint. *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Taylor is cautioned that, if he accumulates three strikes under § 1915(g), he will

not be permitted to proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  *See* § 1915(g).

APPEAL DISMISSED; SANCTION WARNING ISSUED.